# United States Court of Appeals
## For the Eighth Circuit

PLANNED PARENTHOOD GREAT RIVERS– MISSOURI, et al.,

*Plaintiffs-Appellees,*

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al.,

*Defendants-Appellants.*

On Appeal from the
United States District Court for the Western District of Missouri
Case Nos. 2:24-cv-04157-BP; 2:24-cv-04158-BP; 2:24-cv-04159-BP

## APPELLANTS' REPLY BRIEF

**ANDREW T. BAILEY**
Attorney General
Louis J. Capozzi III, 77756
  *Solicitor General*
Joseph Kiernan
  *Assistant Solicitor General*
Office of the Attorney General
815 Olive St, Suite 200
St. Louis, MO 63101
Phone: (314) 340-3413
Louis.Capozzi@ago.mo.gov

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................... iii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

ARGUMENT ....................................................................... 4

I. This Court has jurisdiction. ............................................... 4

   A. Section 1447(d)'s bar on appeals does not apply because the district court held that it was not remanding this case to a "State court." ................................................................... 5

   B. Section 1447(d) does not apply ...................................... 8

   C. This Court also has jurisdiction under the collateral order doctrine. ................................................................. 12

II. Planned Parenthood's arguments fail to capture the plain meaning of § 1441(a) and conflict with Supreme Court precedent. 14

   A. Planned Parenthood's arguments do not capture the plain and ordinary meaning of "State court." ............................... 14

   B. Planned Parenthood cannot use state-law labels to foreclose federal jurisdiction. .................................................. 18

   C. The Supreme Court's reasoning in *Upshur County* is controlling and shows how the AHC is a "State court." ................... 19

   D. Holding that the AHC is a "State court" under § 1441 would not expand federal court jurisdiction. ............................... 23

III. The AHC is a "State court" under the plain meaning of § 1441(a) and controlling precedent. ........................................... 24

IV. Planned Parenthood's arguments about a right to seek review in the AHC without possibility of removal are irrelevant and not properly before this Court. .......................................... 30

CONCLUSION ................................................................. 32

CERTIFICATE OF COMPLIANCE .......................................... 34

CERTIFICATE OF SERVICE ................................................ 34

Appellate Case: 25-1111    Page: 2    Date Filed: 08/25/2025 Entry ID: 5550727

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Alpine Glass, Inc. v. Country Mut. Ins.*,
    686 F.3d 874 (8th Cir. 2012) ................................................................. 13

*Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*,
    86 F.4th 1204 (8th Cir. 2023) ............................................................... 15

*BP P.L.C. v. Mayor and City Council of Baltimore*,
    141 S. Ct. 1532 (2021) ...................................................................... 2, 5

*Carlson v. Arrowhead Concrete Works, Inc.*,
    445 F.3d 1046 (8th Cir. 2006) ......................................................... 12, 13

*Cohens v. State of Virginia*,
    19 U.S. 264 (1821) ............................................................................. 25

*Comm'rs of Rd. Improvement Dist. No. 2, v. St. Louis Sw. Ry. Co.*,
    257 U.S. 547 (1922) ................................................................. 20, 21, 28

*Danca v. Priv. Health Care Sys.*,
    185 F.3d 1 (1st Cir. 1999) ................................................................... 24

*Does v. Gillespie*,
    867 F.3d 1034 (8th Cir. 2017) .............................................................. 32

*Edwards v. Aetna Life Ins.*,
    690 F.2d 595 (6th Cir. 1982) ................................................................. 7

*Floeter v. C.W. Trans.*,
    597 F.2d 1100 (7th Cir. 1979) .............................................................. 17

*Gaming Corp. of Am. v. Dorsey & Whitney*,
    88 F.3d 536 (8th Cir.1996) ................................................................... 32

*Golan v. Veritas Ent.*,
    788 F.3d 814 (8th Cir. 2015) ................................................................ 30

iii

*Haywood v. Drown,*
556 U.S. 729 (2009)................................................................2

*HGP Indus., Inc. v. Dir. of Revenue,*
924 S.W.2d 284 (Mo. 1996)................................................27

*Holbein v. TAW Enters.,*
983 F.3d 1049 (8th Cir. 2020)........................... 10, 11, 12, 24

*Hossaini v. Western Mo. Med. Ctr.,*
140 F.3d 1140 (8th Cir. 1998)...............................................7

*In re City of Kinloch,*
242 S.W.2d 59 (Mo. 1951)...................................................27

*In re Coastal Plains, Inc.,*
179 F.3d 197 (5th Cir. 1999)..................................................7

*In re The Jarnecke Ditch,*
69 F. 161 (C.C.D. Ind. 1895)...............................................21

Kolibash v. Comm'n on Legal Ethics of W. Va. Bar,
878 F.2d 571 (4th Cir. 1989)................................................18

*Maharaj v. Bankamerica Corp.,*
128 F.3d 94 (2d Cir. 1997) .....................................................7

*Medina v. Planned Parenthood S. Atl.,*
145 S. Ct. 2219 (2025) ........................................................31

*New Hampshire v. Maine,*
532 U.S. 742 (2001)....................................................6, 7, 8

*Ohio v. Doe,*
433 F.3d 502 (6th Cir. 2006)...............................................23

*Or. Bureau of Labor and Indus. ex rel. Richardson v. U.S. West,*
*Comms.*, 288 F.3d 414 (9th Cir. 2022) ...........................16, 24

*Orange Cty. Water Dist. v. Unocal Corp.,*
584 F.3d 43 (2d Cir. 2009) ..................................................10

iv

*Pegram v. Herdrich*,
   530 U.S. 211 (2000) ..................................................................... 6

*Planned Parenthood of St. Louis Region v. Knodell*,
   685 S.W.3d 377 (Mo. 2024) ........................................................ 31

*Porter Trust v. Rural Water Sewer and Solid Waste Management Dist.*
   *No. 1*,
   607 F.3d 1251 (10th Cir. 2010) .................................................. 17

*Powerex Corp. v. Reliant Energy Servs.*,
   551 U.S. 224 (2007) ............................................................ 4, 9, 11

*Quackenbush v. Allstate Ins.*,
   517 U.S. 706 (1996) ................................................................... 12

*Richardson-Merrill Inc. v. Koller*,
   472 U.S. 424 (1985) ................................................................... 13

*Sanzone v. Mercy Health*,
   954 F.3d 1031 (8th Cir. 2020) ............................................. 15, 23

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941) ......................................................... 2, 19, 26

*Six Flags Theme Parks, Inc. v. Dir. of Revenue*,
   179 S.W.3d 266 (Mo. 2005) ........................................................ 27

*Smith v. Douglas Cnty.*,
   254 F. 244 (8th Cir. 1918) .......................................................... 21

*State Bd. of Registration for the Healing Arts v. Trueblood*,
   368 S.W.3d 259 (Mo. Ct. App. 2012) ........................................ 26

*State Tax Comm'n v. Admin. Hearing Comm'n*,
   641 S.W.2d 69 (Mo. 1982) ......................................................... 27

*Stoll v. Hawkeye Cas. Co.*,
   185 F.2d 96 (8th Cir. 1950) ........................................................ 18

*Sun Buick v. Saab Cars USA*,
   26 F.3d 1259 (3d Cir. 1994) ....................................................... 17

Appellate Case: 25-1111     Page: 5     Date Filed: 08/25/2025 Entry ID: 5550727

*Thompson Truck & Trailer, Inc. v. United States,*
901 F.3d 951 (8th Cir. 2018) ................................................................. 18

*U.S. v. C.I.T. Constr. Inc.,*
944 F.2d 2539 (5th Cir. 1991 ................................................................. 8

*U.S. v. Hook,*
195 F.3d 299 (7th Cir. 1999) ................................................................. 7

*Union Pac. R.R. Co. v. Surface Trans. Bd.,*
113 F.4th 823 (8th Cir. 2024) ............................................................... 14

*United States v. McCaskey,*
9 F.3d 3688 (5th Cir. 1993 ................................................................... 8

*Upshur County v. Rich,*
135 U.S. 467 (1890) ..................................................................... passim

*Webb v. Farmers of N. Am., Inc.,*
925 F.3d 966 (8th Cir. 2019) ................................................................. 4

*Will v. Hallock,*
546 U.S. 345 (2006) ........................................................................... 13

*Williams v. Ragnone,*
147 F.3d 700 (8th Cir. 1998) ............................................................... 32

*Williams v. Reed,*
145 S. Ct. 465 (2025) ..................................................................... 2, 31

*Wirtz Corp v. United Distillers & Vintners N. Am.,*
224 F.3d 708 (7th Cir. 2000) ............................................................... 17

**Statutes**

28 U.S.C. § 1331 ......................................................................... 10, 24

28 U.S.C. § 1441(a) ....................................................................... passim

28 U.S.C. § 1446 ......................................................................... 10, 11

28 U.S.C. § 1447(d) ................................................................. 5, 6, 9, 12

Appellate Case: 25-1111     Page: 6     Date Filed: 08/25/2025 Entry ID: 5550727

29 U.S.C. § 185 ...............................................................................14

Article V of the Missouri Constitution......................................26

Mo. Rev. Stat. § 208.156.3.............................................................31

Mo. Rev. Stat. § 536.100..................................................................27

Mo. Rev. Stat. § 536.010(4) ...........................................................28

**Rules**

Fed. R. App. P. 32............................................................................35

**Regulations**

Mo. Code Regs. Ann. tit. 20, § 800-1.080(6)...........................28

**Treatises**

14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3721 (Rev. 4th ed. 2020)....................................................24

18C Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4477, p. 782 (1981)...............................................6

Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 356 (2012) ........................................................................18

**Other Authorities**

Black's Law Dictionary (4th ed. 1951)......................................27

Black's Law Dictionary (4th ed. 1968)......................................16

*Explainer: What is the US SEC's in-house court under Supreme Court Review?*, Reuters (June 27, 2024), reuters.com/world/us/what-is-us-secs-in-house-court-under-supreme-court-review-2024-06-13/ ...........22

HB 2634 ...............................................................................................32

Webster's New Int'l Dictionary (2d ed. 1943) ....................1, 25

## INTRODUCTION AND SUMMARY OF ARGUMENT

As the Department's opening brief explained, the plain, ordinary meaning of "State court" in 28 U.S.C. § 1441(a) covers Missouri's Administrative Hearing Commission (AHC). Contemporaneous dictionary definitions and common usage demonstrate that the word "court" in § 1441(a) broadly covers "tribunal[s] established for the administration of justice." Webster's New Int'l Dictionary 611 (2d ed. 1943). That understanding is also consistent with the Supreme Court's approach in *Upshur County v. Rich*, 135 U.S. 467 (1890), which looked past a tribunal's characterization under state law and considered its nature and functions. Applying § 1441(a)'s textually-mandated, functionalist approach, the AHC qualifies as a "State court" because it makes findings of fact, decides legal questions, presides over adversarial proceedings, and has nearly all of the same procedures as other courts.

Planned Parenthood's response fails to rebut those arguments because it hangs on three fundamental errors. *First*, Planned Parenthood argues that a *state-law* characterization of a tribunal is conclusive under the *federal* removal statute. But federal courts cannot "allow the Supremacy Clause to be 'evaded'" by a State's configuration of

1

its judicial system. *Williams v. Reed*, 145 S. Ct. 465, 472 (2025) (quoting *Haywood v. Drown*, 556 U.S. 729, 742 (2009)). Consistent with that principle, the removal statute must be "construed . . . irrespective of local law." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

*Second*—and relatedly—Planned Parenthood relies on a narrow, hypertechnical conception of what constitutes a "court"—arguing only entities technically within a government's judicial branch qualify. But that definition clashes with ordinary meaning, which presumptively governs a textualist analysis. *See, e.g.*, *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1537 (2021) (affirming this principle when interpreting the federal removal statute). After all, ordinary and legal speakers frequently refer to courts outside the federal judicial branch—like the Court of Federal Claims, the U.S. Court of Appeals for Veterans Affairs, and tribunals within the executive branch—as, well, courts. *See, e.g.*, *Explainer: What is the US SEC's in-house court under Supreme Court Review?*, Reuters (June 27, 2024), reuters.com/world/us/what-is-us-secs-in-house-court-under-supreme-court-review-2024-06-13/. Unless this Court is prepared to hold that

2

those entities are *not courts*, it must reject Planned Parenthood's approach.

*Third*, Planned Parenthood mischaracterizes the Supreme Court's decisions in *Upshur County* and related cases. Planned Parenthood insists that those cases inform only whether a "suit" or "civil action" can be removed. But the reasoning of those cases discloses a broader principle—namely, that courts should not rely on technical, state-law labels in applying federal jurisdictional statutes. The Court should reaffirm that principle, apply ordinary meaning, and hold that the AHC is a court under the federal removal statute.

Beyond their merits arguments, Planned Parenthood spends a significant portion of its brief rehashing the arguments in its motion to dismiss. As the Department's response to Planned Parenthood's motion to dismiss already demonstrated, this Court has jurisdiction. This Court should reach the merits of this important question of first impression.

Appellate Case: 25-1111     Page: 10     Date Filed: 08/25/2025 Entry ID: 5550727

# ARGUMENT

## I.     This Court has jurisdiction.

Planned Parenthood's response brief doubles down on the same errors it made in its motion to dismiss for lack of jurisdiction. Doc. 5522618 (Resp. Br.). Those arguments remain wrong for the reasons explained in the Department's response. Doc. 5501982 (App. Br.). First, § 1447(d)'s prohibition on appeals only applies to "[a]n order remanding a case to the State court." The district court held that "the AHC is not a 'State court,'" so § 1447(d) does not bar this appeal. Add.003; App.141; R.Doc.28, at 3. Second, § 1447(d) is limited to remands for (1) lack of subject-matter jurisdiction or (2) procedural defects. *See Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 229 (2007). The district court did not remand this case for those reasons, so § 1447(d) does not apply. Third, this Court has jurisdiction under the collateral order doctrine. *See Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 970 (8th Cir. 2019). Planned Parenthood's correct observation that "orders granting remand under § 1447(c) are not reviewable," Resp. Br. 38, is irrelevant because the district court did not remand under § 1447(c); it remanded because

4

this case was "not removed from a 'State court' as required by 28 U.S.C. § 1441(a)." Add.007; App.145; R.Doc.28, at 7.

This Court has jurisdiction and should address the important questions presented in this appeal.

### A. Section 1447(d)'s bar on appeals does not apply because the district court held that it was not remanding this case to a "State court."

Section 1447(d) bars appeals of "[a]n order remanding a case to the State court." 28 U.S.C. § 1447(d). The Supreme Court has held that the availability of appellate review is based on the content of the district court's "order." *See BP P.L.C.*, 141 S. Ct. at 1537–38. The district court's remand order held that "the AHC is not a 'State court.'" Add.003; App.141; R.Doc.28, at 3. The order is therefore not an "order remanding a case" to a "State court," and § 1447(d) does not bar this appeal.

Planned Parenthood attempts to avoid the plain text of § 1447(d) by accusing the Department of adopting an "irreconcilable position[]." Resp. Br. 36. Not so. To the contrary, it is *only* Planned Parenthood that has adopted "irreconcilable positions." *Id.* In resisting removal before the district court, Planned Parenthood insisted that the AHC is not a "State court." App.136; R.Doc.17, at 1. As the Department pointed out to this

5

Court when opposing dismissal of this appeal, Planned Parenthood now makes the opposite assertion, insisting that the district court's remand to the AHC was a remand to a "state court" under § 1447(d). Opp. MTD 5–6 (Doc. 5486800).

Under these circumstances, Planned Parenthood is judicially estopped from asserting that the AHC is a "state court" under § 1447(d). Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000)). That is exactly what Planned Parenthood is doing here. They convinced the district court that the AHC is not a state court for the purpose of § 1441, and now they argue the AHC is a state court for the purposes of § 1447. Planned Parenthood "'should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'" *Id.* (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981)).

All of the requirements for judicial estoppel are satisfied. First, Planned Parenthood's "later position" is "'clearly inconsistent' with its

6

earlier position." *New Hampshire*, 532 U.S. at 750 (quoting *U.S. v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999); *Hossaini v. Western Mo. Med. Ctr.*, 140 F.3d 1140, 1143 (8th Cir. 1998); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98 (2d Cir. 1997)). Second, Planned Parenthood "succeeded in persuading" the district court "to accept [its] earlier position," creating a "perception that either the first or the second court was misled." *Id.* (quoting *Edwards v. Aetna Life Ins.*, 690 F.2d 595, 599 (6th Cir. 1982)). And third, Planned Parenthood "would derive an unfair advantage" and "impose an unfair detriment" on the Department "if not estopped." *Id.* at 751. Planned Parenthood persuaded the district court to remand this case because the AHC was not a state court. Now they seek to deprive the Department of appellate review by claiming the opposite.

Moreover, Planned Parenthood's litigation tactics help illustrate why the Department cannot be credibly accused of *also* asserting irreconcilable litigation positions. *Contra* Resp. Br. 36–37. The district court accepted Planned Parenthood's argument below and held that the AHC is not a state court. Add.003; App.141; R.Doc.28, at 3 ("Plaintiffs argue this case is not removable because the AHC is not a 'State court,'

7

and this Court agrees."). That is wrong for all the reasons described below, but now the Department is litigating within that framework. And because the Department did not "succeed[ ] in persuading" the district court of its position, there is no "'risk of inconsistent court determinations'" and no "threat to judicial integrity." *New Hampshire*, 532 U.S. at 751 (quoting *U.S. v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259 (5th Cir. 1991)). It is thus apparent that the Department is not "deliberately changing positions according to the exigencies of the moment." *Id.* at 750 (quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)).

Planned Parenthood's positions, on the other hand, invite inconsistent holdings. If this Court accepts Planned Parenthood's jurisdictional argument, it will have held that the AHC *is* a State court under § 1447, and the district court's holding that the AHC *is not* a State court under § 1441 will remain. This Court should reject Planned Parenthood's "anomalous, incoherent reading of 'State court' in these intertwined statutory provisions." Resp. Br. 37.

### B. Section 1447(d) does not apply.

Judicial estoppel aside, Planned Parenthood's construction of § 1447(d) is contrary to Supreme Court precedent interpreting "§ 1447(d)

8

to cover less than its words alone suggest." *Powerex*, 551 U.S. at 229. Section 1447(d) must "be read *in pari materia* with § 1447(c), so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former." *Id*. That means "only . . . remands for lack of subject-matter jurisdiction and for defects in removal procedure" are barred by § 1447(d). *Id*. Planned Parenthood acknowledges that the district court did not hold that the remand was based on either "'a jurisdictional issue' or a timely raised procedural defect." Resp. Br. 34 (quoting Add. 3; App. 141; R.Doc.28, at 3 n.2). But they incorrectly assume that the remand must have *implicitly* been for one of those two options. *Id*. at 35. That is wrong. The district court remanded for a third reason: The cases "were not removed from a 'State court' as required by 28 U.S.C. § 1441(a)." Add.007; App.145; R.Doc.28, at 7. Planned Parenthood fails to explain how that is either a lack of subject-matter jurisdiction or a procedural defect.

Nor could they. *First*, the district court never held that it lacked subject-matter jurisdiction. Just the opposite. The court explained that it was "not convinced it is a jurisdictional issue." Add. 3; App. 141; R.Doc.28, at 3 n.2. That makes sense, because Planned Parenthood's

complaint raised federal questions and the district court plainly had jurisdiction under 28 U.S.C. § 1331. App.008; R.Doc.1-1. And the text of § 1441(a) confirms that the "State court" and jurisdictional requirements are separate. Section 1441(a) allows removal of [1] "any civil action brought *in a State court* of which [2] the district courts of the United States have *original jurisdiction.*" (emphasis added); *see Holbein v. TAW Enters.*, 983 F.3d 1049, 1054 (8th Cir. 2020) (en banc) ("§ 1441(a) on its face is not a jurisdiction-granting provision."); *accord Orange Cty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49–50 (2d Cir. 2009) ("[T]he removal statute is not the source of subject matter jurisdiction."). The district court had jurisdiction under § 1331. It just held that removal did not comply with § 1441(a)'s independent "State court" requirement.

*Second*, the district court did not remand based on a procedural defect. Procedural defects are set out in 28 U.S.C. § 1446 and include a 30-day removal deadline, requirements for filing and service in the district court, and a requirement that all defendants consent to removal. *See* § 1446(b). The district court never held that the removal in this case suffered from one of those defects, and Planned Parenthood has not even tried to argue that it does. The only reason the district court has—failure

10

to comply with § 1441(a)'s "State court" requirement—is not listed in § 1446, and Planned Parenthood cites no case holding that it qualifies as a "defect in removal procedure." *Powerex*, 551 U.S. at 230.

Rather than explain *how* the removal was procedurally defective or the district court lacked jurisdiction, Planned Parenthood just asserts that there "is no alternative basis for remand in the district court's remand order." Resp. Br. 35. That is wrong. The district court expressly stated that the "alternative basis" was § 1441(a)'s "State court" requirement. Add.007; App.145; R.Doc.28, at 7. Planned Parenthood isolates a single word from this Court's *Holbein* decision to argue that removal for any "substantive" reasons "qualifies as remand under § 1447(c)." Resp. Br. 34–35 (quoting *Holbein*, 983 F.3d at 1056–57)). *Holbein* considered whether "the so-called forum-defendant rule" is "an unwaivable jurisdictional defect in removal." *Holbein*, 983 F.3d at 1051. This Court concluded that the rule was procedural, not jurisdictional, so the plaintiff below had waived any objection to removal. *Id*. at 1061. *Holbein* never held that appeals related to § 1441(a)'s "State court" requirement are barred by § 1447, and that issue was not even presented in the case.

The district court's "remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush v. Allstate Ins.*, 517 U.S. 706, 712 (1996). Section 1447(d) therefore creates no obstacle to this Court's jurisdiction.

## C. This Court also has jurisdiction under the collateral order doctrine.

The Department's opening brief explained that this Court also has jurisdiction under the collateral order doctrine. App. Br. 2–3. Planned Parenthood's primary response is that Congress foreclosed review because the district court granted "remand under § 1447(c)." Resp. Br. 38. But as explained above, that is wrong. The district court's remand order does not mention § 1447, and the removal was not based on a lack of jurisdiction or procedural defect. For that reason, Planned Parenthood's reliance on *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1054 (8th Cir. 2006), is misplaced. Unlike here, "the district court's remand order" in *Carlson* "was issued pursuant to § 1447(c) for lack of subject matter jurisdiction." *Id.* *Carlson* therefore does not prohibit review under the collateral order doctrine.

12

What's more, Planned Parenthood's descriptions of the purposes of the collateral order doctrine show why it fits this case like a glove. If this case is remanded, the Department's right to have the federal claims determined by a federal court may "be irretrievably lost in the absence of an immediate appeal." Resp. Br. 39 (quoting *Richardson-Merrill Inc. v. Koller*, 472 U.S. 424, 430–31 (1985)). And applying the collateral order doctrine to this "class of cases" would not expand its "narrow and selective . . . membership." *Id.* at 40 (quoting *Alpine Glass, Inc. v. Country Mut. Ins.*, 686 F.3d 874, 878–79 (8th Cir. 2012); *Will v. Hallock*, 546 U.S. 345, 350 (2006)). This case presents a question of first impression in this Circuit, and has only been addressed by a handful of other circuits in the past one hundred years. It is hard to think of a more narrow and selective class of cases.

The universe of "State courts" from which a party could even attempt removal is also limited—likely just a few in each State. So once the issue has been decided for a given tribunal, it will not need to be revisited. And the highly limited nature of possible appeals is another reason *Carlson* is not on point. *Carlson* dealt with removal based on preemption of state-law claims by the Labor Management Relations Act,

29 U.S.C. § 185, a case-specific inquiry far more likely to generate appeals than the narrow question presented here. *See* 445 F.3d at 1054.

*   *   *

Planned Parenthood's jurisdictional arguments all fail. This Court should reach this important issue of first impression in the Eighth Circuit.

## II. Planned Parenthood's arguments fail to capture the plain meaning of § 1441(a) and conflict with Supreme Court precedent.

The parties agree that this Court should apply the "plain language" of § 1441(a) by giving the phrase "State court" the "meaning that proper grammar and usage would assign them." Resp. Br. 42 (quoting *Union Pac. R.R. Co. v. Surface Trans. Bd.*, 113 F.4th 823, 834 (8th Cir. 2024) (citation omitted)). We disagree, however, about how to reach that point. For the reasons explained below, the Department's version of textualism is the correct—and precedentially supported— approach.

### A. Planned Parenthood's arguments do not capture the plain and ordinary meaning of "State court."

#### 1. The Department's version of textualism is right.

A textualist approach "start[s] with the text, appl[ies] first principles, and use[s] the interpretive tools the Supreme Court has

14

provided." *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1216 n.7 (8th Cir. 2023). That means beginning the "ordinary meaning inquiry with the simple dictionary definition from the time of the statute's enactment." *Sanzone v. Mercy Health*, 954 F.3d 1031, 1041 (8th Cir. 2020). And it requires considering how a word was commonly used by the public at the relevant time. App. Br. 30. Those foundational tools of the textualist's toolbox show that "State court" in § 1441(a) has a broad meaning that covers tribunals like the AHC. *Id*. at 18–25.

## 2. Planned Parenthood's version of textualism is wrong.

Planned Parenthood offers a different, hypertechnical version of textualism. Planned Parenthood never considers the common usage of "State court" and the different ways "court" is used in everyday speech. *See* App. Br. 21–23. Nor does Planned Parenthood consult any dictionaries or any other source to determine what "State court" means, instead disparaging the Department's use of *Black's Law Dictionary*. Resp. Br. 32. Rather than focus on ordinary meaning, Planned Parenthood focuses on the technical, specialized meaning of "court" within the Missouri legal system. *See* Resp. Br. 44, 54–58. But if Planned Parenthood stopped to consider *Black's Law Dictionary*, they would have

15

learned that "[t]he word 'court' is often employed in statutes otherwise than in its strict technical sense, and is applied to various tribunals not judicial in their character." *Court*, Black's Law Dictionary 425 (4th ed. 1968).

While professing to look "only at the language of the statute," Resp. Br. 42, Planned Parenthood relies primarily on out-of-circuit precedent to support its approach. *Id.* at 28, 41–42, 52. Planned Parenthood urges this Court to "follow the Third, Ninth, and Tenth Circuits." *Id.* at 41. Some of the reasoning in those decisions is wrong—for the reasons explained in the Department's opening brief. *See* App. Br. 53–56. And while Planned Parenthood repeatedly cites to those decisions, they do not respond to the Department's criticism of their reasoning. Moreover, each case is easily distinguished. The Ninth Circuit relied on the fact that it was "undisputed" that the tribunal at issue there was not a court, *see Or. Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Comms.*, 288 F.3d 414, 417–19 (9th Cir. 2022), whereas there is no such concession here. And the Tenth Circuit addresses a board of county commissioners, *see Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1*, 607 F.3d 1251, 1254 (10th Cir. 2010), an entity more analogous to

16

a legislature than a court.  Thus, neither case is particularly persuasive here.

Planned Parenthood also tries to co-opt the Third Circuit's *Sun Buick* decision for their purposes, but it fails to acknowledge that *Sun Buick* questioned, but did not reject, the so-called "functional" test.  *Sun Buick v. Saab Cars USA*, 26 F.3d 1259, 1264 (3d Cir. 1994).  In fact, *Sun Buick* recognized that *Upshur County* "looked to the actual powers, composition and procedures of the entity in making its decision" and then applied *Upshur*'s reasoning—just what the Department argues for here. *See* App. Br. 58-60, 67.

And of course, other courts have rejected Planned Parenthood's approach and, consistent with the Supreme Court's decision in *Upshur*, adopted the Department's proposed framework.  *See* App. Br. 45; *Floeter v. C.W. Trans.*, 597 F.2d 1100, 1102 (7th Cir. 1979); *Wirtz Corp v. United Distillers & Vintners N. Am.*, 224 F.3d 708, 712–13 (7th Cir. 2000); *Kolibash v. Comm'n on Legal Ethics of W. Va. Bar*, 878 F.2d 571, 576 (4th Cir. 1989).  But more fundamentally, Planned Parenthood's arguments fail to "[a]dher[e] to the fair meaning of the text (the textualist's touchstone)."  Scalia & Garner, Reading Law: The Interpretation of Legal

Texts 356 (2012).  Properly applied, the plain language of "State court" covers tribunals like Missouri's AHC.

**B. Planned Parenthood cannot use state-law labels to foreclose federal jurisdiction.**

Planned Parenthood's reliance on the technical meaning of "court" in the Missouri legal system is wrong not only because it fails to capture the word's "ordinary or natural meaning." *Thompson Truck & Trailer, Inc. v. United States*, 901 F.3d 951, 953 (8th Cir. 2018).  It is also wrong because the "question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law." *Stoll v. Hawkeye Cas. Co.*, 185 F.2d 96, 99 (8th Cir. 1950).  The Department argued that point extensively in its opening brief, but Planned Parenthood simply did not respond.  *See* App. Br. 41–48.

How could it?  The Supreme Court has ruled clearly on this point: "The removal statute which is nationwide in its operation, was intended to be uniform in its application, *unaffected by local law definition or characterization of the subject matter to which it is to be applied*." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (emphasis added).  One of Planned Parenthood's leading arguments is therefore not

18

only wrong, it is expressly foreclosed by Supreme Court precedent. *See* Resp. Br. 44 (using Missouri's Constitution, statutes, and precedent to determine whether the AHC is a "State court"). When this Court looks to approved sources—plain meaning and Supreme Court precedent like *Upshur County*—the basis for Planned Parenthood's argument crumbles.

### C. The Supreme Court's reasoning in *Upshur County* is controlling and shows how the AHC is a "State court."

The Department's opening brief showed how the Supreme Court's decision in *Upshur County v. Rich*—along with decisions issued before and after—requires courts to consider whether the tribunal is exercising "judicial functions" or "judicial powers," such that it has the "power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other." 135 U.S. 467, 477 (1890); *see* App. Br. 49–60. Planned Parenthood's responses to that argument mischaracterize (1) *Upshur County* and other precedent and (2) the Department's argument.

*First*, Planned Parenthood argues that *Upshur County* only considered whether the removed case was a "suit," not whether the state tribunal was a "court." Resp. Br. 48–50. The district court made the same error, and the Department's opening brief explained why that

19

argument is incorrect. App. Br. 62–64. In response, Planned Parenthood admits that the Supreme Court in *Upshur County* "considered the characteristics and functions of the tribunal at issue," but argues that it "did not make any finding as to whether the 'county court' at issue was a 'State court.'" Resp. Br. 48. Not true. *Upshur County* held that the "county court" at issue had "no judicial powers, except in matters of probate" and was "not a judicial body." 135 U.S. at 471, 477. And the Supreme Court later confirmed "that the county court in" in *Upshur County* "was not a court." *Comm'rs of Rd. Improvement Dist. No. 2, v. St. Louis Sw. Ry. Co.*, 257 U.S. 547, 560 (1922). Tellingly, Planned Parenthood ignores that point from the Department's opening brief. App. Br. 61–62.

As previously explained, other binding and persuasive decisions have employed the same reasoning as *Upshur* to assess whether removal was appropriate. App. Br. 51–58. Planned Parenthood breezes over those cases with a string cite of one-sentence parentheticals that fails to meaningfully engage with the reasoning in cases like *Commissioners of Road Improvement District No. 2*, 257 U.S. 547 (1922), and *Smith v. Douglas Cnty.*, 254 F. 244, 245 (8th Cir. 1918). Planned Parenthood

20

argues that all the Department's cases "involved the applicability of a functional test to determine whether a case was a 'suit' or 'civil action' for the purpose of removal, not to answer whether the case was being removed from a 'State court.'" Resp. Br. 49. Not so. Like *Uphsur County*, each of the cited cases looked at the nature and functioning of the tribunal to determine whether the case was removable. App. Br. 52–58. And they explained that federal removal "is not concluded by" reference to state law. *Comm'rs of Road Improvement District No. 2,* 257 U.S. at 557–58; *see also In re The Jarnecke Ditch*, 69 F. 161, 163 (C.C.D. Ind. 1895) ("Neither the legislature nor the courts of a state have the power, by giving new names to legal proceedings, to change their essential character.").

But even assuming Planned Parenthood is correct that *Uphsur County*, *Commissioners of Road Improvement District No. 2*, and *Smith* only considered the meaning of "suit" or "civil action," that still frustrates Planned Parenthood's argument. This Court should follow the controlling reasoning of those opinions, which looked at the nature and functioning of the tribunal to determine removability. So even if those cases considered only the meaning of "suit"—and they did not—their

21

method of interpreting the removal statute should be used for other terms in the same statute. App. Br. 63–64. Planned Parenthood failed to explain how it makes sense to "interpret a 'suit' for removal purposes by looking at the nature and functioning of the case, but a 'court' by looking only at state law." *Id.* at 64.

*Second*, after mischaracterizing *Upshur County* and other cases, Planned Parenthood mischaracterizes the Department's arguments. The Department has not "conced[ed] that Upshur County was limited to determining what action was a civil action." Resp. Br. 51. The Department has expressly argued that the district court and Planned Parenthood are wrong on that point. App. Br. 61–65. Planned Parenthood also asserts that the Department's "interpretation of *Upshur County* would render superfluous Congress's independent requirements that a suit be a 'civil action' and a tribunal be a 'State court.'" Resp. Br. 51. Not at all. Using the Supreme Court's method of interpretation consistently across all of the words in a statute would not mean that "a 'civil action' would always have been brought in a 'State court' and vice versa." *Id.*

Appellate Case: 25-1111     Page: 29     Date Filed: 08/25/2025 Entry ID: 5550727

Planned Parenthood's obfuscation ignores the differences between § 1442's "civil action" and "State court" requirements. A criminal prosecution is almost always brought in a "State court," but it is not removable because plainly it is not a "civil action." The "civil action" inquiry also requires a court to consider the subject matter of the suit itself by looking at what kinds of cases qualified as a "civil action" at "the time of the statute's enactment." *Sanzone*, 954 F.3d at 1041. For example, an ancillary "hearing" to enforce a subpoena is not a "civil action" under § 1441 because "'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006). That courts may consider similar evidence to determine the ordinary meaning of "civil action" and "State court" does not make one of the conditions "superfluous." Resp. Br. 51. There is plenty of daylight between the "civil action" and "State court" requirements.

### D. Holding that the AHC is a "State court" under § 1441 would not expand federal court jurisdiction.

Throughout its brief, Planned Parenthood argues that the adopting the Department's position would "improperly expand[] the limited jurisdiction of the federal courts." Resp. Br. 53; *id.* at 28, 29, 41, 45–47.

23

That argument makes little sense because "§ 1441(a) on its face is not a jurisdiction-granting provision." *Holbein*, 983 F.3d at 1054. "Removal is not a kind of jurisdiction and the removal statute does not in itself create jurisdiction." *Id.* (citation modified) (quoting 14C Charles Alan Wright et al., Federal Practice & Procedure § 3721 (Rev. 4th ed. 2020); *Danca v. Priv. Health Care Sys.*, 185 F.3d 1, 4 (1st Cir. 1999)).

The district court had jurisdiction over this case because Planned Parenthood's complaint raised federal questions "under the Constitution" and "laws … of the United States." 28 U.S.C. § 1331. Planned Parenthood's reliance on *Oregon Bureau of Labor* to argue that allowing removal would "dramatically expand federal jurisdiction" only demonstrates that opinion's flawed reasoning and unreliability. *See* Resp. Br. 46 (citing 288 F.3d at 419). As previously explained, resolving the federal questions in this case would not enlarge federal jurisdiction; it is "a fulfillment of the court's duty to 'take jurisdiction if it should.'" App. Br. 48 (quoting *Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821)).

## III. The AHC is a "State court" under the plain meaning of § 1441(a) and controlling precedent.

Planned Parenthood argues that "the AHC is not a 'State court'" under the "disfavored functional test." Resp. Br. at 29; *id.* at 54. To be

Appellate Case: 25-1111    Page: 31    Date Filed: 08/25/2025 Entry ID: 5550727

clear, the Department is not advocating for a "functional" test. App. Br. 24. Determining the plain meaning of the term "State court," however, requires a definition of what a "court" is. As the Department has shown, the ordinary, everyday meaning of "court" broadly covers "tribunal[s] established for the administration of justice." App. Br. 30–35 (quoting *Court*, Webster's New Int'l Dictionary 611 (2d ed. 1943)). The AHC easily qualifies as a "State court" under § 1441(a) when one applies the plain meaning of § 1441(a) and the reasoning of *Upshur County* and its progeny. Planned Parenthood's arguments to the contrary fail for two reasons.

*First*, Planned Parenthood relies heavily on state-law descriptions of the AHC to argue that it is not a Court under § 1441(a). Resp. Br. 18–19, 44, 54–58. All throughout its argument that "[t]he AHC Is Not a 'State Court' Under DSS's Proposed 'Functional' Test," Planned Parenthood defines "court" entirely by reference to Missouri law. They do not cite a single plain-meaning source (like a dictionary) or federal source. *Id.* at 54–58. The Court should thus disregard those arguments because the removal statute must be "construed … irrespective of local law." *Shamrock Oil*, 313 U.S. at 104 (1941). The meaning of "State court"

25

in § 1441(a) is "unaffected by" Missouri's "definition or characterization of the" AHC. *Id.* By relying only on state-law sources, Planned Parenthood failed to provide a usable definition of "court" against which the AHC can be measured.

*Second*, Planned Parenthood's argument that the AHC is not a "State court," depends on its narrow, technical definition of "court." Because they rely so heavily on labels derived from Missouri law, Planned Parenthood's requirements for a "court" are unmoored from the plain meaning. Planned Parenthood first argues that the AHC "does not have the functions of a state court" because it is does not exercise "judicial power" under Article V of the Missouri Constitution and therefore does not "perform judicial review" in the constitutional sense. Resp. Br. 54–55 (quoting *State Bd. of Registration for the Healing Arts v. Trueblood*, 368 S.W.3d 259, 267 (Mo. Ct. App. 2012)). But "[t]he word 'court' is often employed in statutes otherwise than in its strict technical sense, and is applied to various tribunals not judicial in their character." *Court*, Black's Law Dictionary 425 (4th ed. 1951). And the Supreme Court has identified only basic requirements—like the "power to determine questions of law and fact" and adverse parties. *Upshur Cnty.*, 135 U.S.

26

at 477. Even the Missouri Supreme Court has recognized that, although the AHC is not "a court in a constitutional sense," it does "perform[ ] duties judicial in nature." *In re City of Kinloch*, 242 S.W.2d 59, 63 (Mo. 1951); *see also State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 75 (Mo. 1982).

Relatedly, Planned Parenthood argues that "the AHC does not have the powers of a state court." Resp. Br. 55. Planned Parenthood focuses on the AHC's "enforcement powers," but distorts the AHC's authority. The AHC is not a moot court. Its decisions are binding on the parties, subject to an appeal to a Missouri circuit court. *See* Mo. Rev. Stat. § 536.100. The Missouri Supreme Court has referred to the AHC's decisions as judgments. *See, e.g.*, *Six Flags Theme Parks, Inc. v. Dir. of Revenue*, 179 S.W.3d 266, 270 (Mo. 2005); *HGP Indus., Inc. v. Dir. of Revenue*, 924 S.W.2d 284, 286 (Mo. 1996). And the AHC even has the authority to issue some discovery related sanctions. Mo. Code Regs. Ann. tit. 20, § 800-1.080(6).

And more generally, neither the ordinary meaning of "court" nor Supreme Court precedent impose a comprehensive list of "powers" a tribunal must have to be considered a "court." The AHC's "powers" easily

27

meet the threshold set in *Upshur County* and *Commissioners of Road Improvement District No. 2.* *See Upshur Cnty.*, 135 U.S. at 477 (courts must have "power to determine questions of law and fact" and "parties litigant to contest the case on the one side and the other"); *Commissioners*, 257 U.S. at 557 (describing the "elements of a judicial controversy" as "adversary parties and an issue in which the claim of one of the parties against the other, capable of pecuniary estimation, is stated and answered in some form of pleading, and is to be determined"). The AHC's power to "conduct hearings and make findings of fact and conclusions of law" and hear "contested cases," during which the AHC determines the "legal rights, duties or privileges of specific parties," shows that it is a "State court" under § 1441(a). Mo. Rev. Stat. §§ 536.010(4); 621.045; App. Br. 35–38, 57–58.

Planned Parenthood finally argues that "the AHC lacks the robust procedures of a state court." Resp. Br. 57. That claim strains credulity. While the AHC does not have *all* of the procedures of Missouri's Article V courts, it closely tracks the procedures in Missouri's circuit courts. App. Br. 35–38.

Appellate Case: 25-1111    Page: 35    Date Filed: 08/25/2025 Entry ID: 5550727

Planned Parenthood cherry-picks one difference—the standard for granting extensions of time—but ignores many similarities discussed in the Department's opening brief. *See* App. Br. 35–38. In a footnote, however, Planned Parenthood acknowledges that the AHC follows the extensive procedures in "Chapter 536 and 621" of the Missouri code, but argues that those are "different procedures" than those followed by Missouri's Article V courts. Resp. Br. 57, n.7. That proves the Department's point—the procedures need not be the same for the AHC to be a "court" under the ordinary meaning of § 1441(a). It is enough that the AHC follows procedures that any reasonable person would associate with a court.

\* \* \*

The plain meaning of the word "court," reflected in contemporaneous dictionary definitions, common usage, and Supreme Court precedent covers the AHC. By relying exclusively on Missouri law to define "State court," Planned Parenthood fails to show otherwise. Removal was therefore proper, and the district court's remand order should be reversed.

**IV.  Planned Parenthood's arguments about a right to seek review in the AHC without possibility of removal are irrelevant and not properly before this Court.**

At the end of its brief, Planned Parenthood argues that they have a "right to seek review" in the AHC. Resp. Br. 45. The district court expressly declined to consider that argument in its remand order. *See* Add.006; App.144; R.Doc.28, at 6–7 n.6 ("The Court also need not consider the effect of *Does v. Gillespie*. . . ."). "As a general rule," this Court does "not decide issues that the district court did not adjudicate," and this case does not warrant an exception. *Golan v. Veritas Ent.*, 788 F.3d 814, 821 (8th Cir. 2015).

In any event, Planned Parenthood's arguments are wrong. Planned Parenthood seems to argue that they are not bringing § 1983 claim but merely an administrative appeal. Resp. Br. 24, 61–62. Not so. Planned Parenthood's basis for challenging its termination from Missouri's Medicaid program is not that the Department misinterpreted Missouri law or applied it incorrectly to Planned Parenthood, but that the statute violates federal law and the Constitution. App.009; R.Doc.1-1. Yet Planned Parenthood acknowledges that the AHC "'does not have the authority to find a statute unconstitutional.'" Resp. Br. 19 (quoting

Appellate Case: 25-1111    Page: 37    Date Filed: 08/25/2025 Entry ID: 5550727

*Planned Parenthood of St. Louis Region v. Knodell*, 685 S.W.3d 377, 385 (Mo. 2024)).  And whether Planned Parenthood tries to frame its claims as an "administrative appeal" (Resp. Br. 24), or § 1983 action, they are now definitely foreclosed by the Supreme Court.  *See Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2236 (2025).

Planned Parenthood's argument that Mo. Rev. Stat. § 208.156.3 creates a "right" to have federal questions determined by the AHC also ignores the Supremacy Clause.  If a case raises federal questions over which "the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), a state cannot "insulate" them from review by directing them to an administrative tribunal.  *Williams*, 145 S. Ct. at 472.  And even if Missouri law grants a "right" to bring a claim in the AHC in the first instance, it does not somehow eliminate a defendant's right to remove that case to federal court if it meets § 1441's requirements.  "The presence of even one federal claim gives the defendant the right to remove the entire case to federal court."  *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998) (citation modified) (quoting *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir.1996)).

31

Planned Parenthood's interpretation of *Does v. Gillespie*, 867 F.3d 1034 (8th Cir. 2017) is also wrong. *Gillespie* held that Medicaid's "any qualified provider" provision does not "create an enforceable right for individual patients under § 1983." *Id.* at 1041. *Gillespie* does not give Planned Parenthood a right to backdoor federal claims into the AHC. Planned Parenthood's complaint in the AHC brought "Claims for Relief" under "[t]he Social Security Act," "[t]he First Amendment to the United States Constitution," and "the Fourteenth Amendment of the United States Constitution." App.019–023; R.Doc.1-1, at 12–16. And Planned Parenthood expressly asked the AHC to enter "a judgment" that the Department violates those law and issue "a declaration that HB 2634 is unlawful." *Id.* at 025. The Department has a right to have those federal claims decided in a federal court.

## CONCLUSION

For these reasons, this Court should reverse the district court's remand order.

32

Respectfully submitted,

**ANDREW BAILEY**
ATTORNEY GENERAL

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi III, 77756
   *Solicitor General*
Joseph Kiernan
   *Assistant Solicitor General*
Office of the Attorney General
Old Post Office Building
815 Olive St, Suite 200
St. Louis, MO 63101
Office: (314) 340-3413

*Counsel for Appellants*

33

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limits of Fed. R. App. P. 32(a)(7)(B)(i) in that it contains 6447 words excluding the parts exempted by Fed. R. App. P. 32(f). I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) in that this document has been prepared in a proportionally spaced typeface using Microsoft Word (size 14 Century Schoolbook font).

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi III
Solicitor General


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system. Counsel for Appellee will receive a copy of the foregoing document through the CM/ECF system on August 22, 2025.

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi III
Solicitor General